HENRY BOYCE *v.* J. AND H. CAGE.—N. C. WADE, Warrantor.

To constitute a sale *per aversionem*, there must be either a distinct or separate object described, such as the manor of dale, an island, an enclosed field; a sale is also considered as made *per aversionem* when it is for a total sum, and assigns to the land sold existing and visible boundaries, such as rivers, highways, fences, pieces of stone, iron or wood, showing the starting point and direction of the dividing line with the adjoining tenements. These last sales are held to be *per aversionem* on the presumption, that the parties to them have their attention fixed, rather upon the boundaries than upon the enumeration of quantity.

APPEAL from the District Court of the Parish of Terrebonne, *Randall,* J. *J. C.* and *A. Beatty,* for plaintiff. *E. A. Johnson,* for defendants. *John Ker* and *Connolly Mercier,* for warrantor. By the court:

ROST, J. This is an action of boundary between two parties, claiming under the same original grant. The title of the plaintiff is the oldest in date, and as there is no evidence of adverse possession by the defendant, to sustain the plea of prescription, the district court properly allowed the plaintiff the superficial quantity of land which his title calls for; and the only questions in the case, presenting any difficulty, are those which arise on the claim of warranty of the defendants.

The district court found the extent of the conflict between the adjoining tracts of land to be one hundred and fifty-four arpents 95-100. This being taken from the defendants, judgment was rendered in their favor, against the immediate warrantor, *Tobias Gibson,* for the price he had received. A like judgment was rendered in favor of *Gibson* against his vendor, *Nathaniel C. Wade,* but the court refused to give judgment in favor of *Wade* against the widow and heirs of *Samuel Tanner,* his vendor, and discharged them from the warranty. *Wade* alone has appealed.

He first contends, and we agree with him, that he is entitled to the same judgment against his vendors which will be rendered against him, and that there are no admissions in his answer, and that of *Gibson,* to the call in warranty, which can increase their liability as vendors.

But he further contends, that no judgment should have been rendered against the other warrantors, because the true boundary between the two adjoining tracts of land, of the plaintiff and defendant, must be ascertained by first fixing the boundary of another tract, called the Walker tract, adjoining that of the defendant above, and forming part of the same grant. That the quantity of land purchased by the defendants, in those two tracts, was 1800 superficial arpents; and that as no other location is given in the acts, except a front on the Bayou Caillon, the defendants have no claim beyond the quantity purchased. And as the boundary, established by the district court, leaves them 1846 arpents, they have suffered no eviction, and have no action in warranty.

The defendants, on the contrary, maintain that the sales under which they hold the two tracts of land, are sales *per aversionem,* and that, although in consequence of a bend in the bayou, the land contains more superficial arpents than is mentioned in the acts, they have a good title to all the land included within the boundaries, mentioned in the acts, and should be indemnified for the portion adjudged to the plaintiff.

There is no doubt that the boundary must be established by first locating the Walker tract; and the nature of the sale under which the defendants hold that tract, must determine the case. It is a sale from *Turner* to *Cage*, of a tract of land previously sold by him to *Robert G. Walker*, containing about twenty-five arpents front on Bayou Caillon, by forty in depth, and having one thousand arpents in superficies, to begin above at a point distant twenty-five arpents from the upper line of the grant, of which it forms a part, and to run down the bayou for quantity.

To constitute a sale *per aversionem*. there must be either a distinct or separate object described, such as the manor of dale, an island, an enclosed field. A sale is also considered as made *per aversionem* when it is for a total sum, and assigns to the land sold, existing and visible boundaries, such as rivers, highways, fences, pieces of stone, iron or wood, showing the starting point and direction of the dividing line with the adjoining tenements. These last sales are held to be *per aversionem*, on the presumption that the parties to them have their attention fixed, rather upon the boundaries, than the enumeration of quality. *Fisk* v. *Fleming, Syndic.*

In the sale of the Walker tract there was no fixed and visible boundary. If it were conceded that the upper boundary of the tract was given with sufficient certainty, because its position might have been ascertained by a survey, no lower boundary at all is mentioned, the act merely stating, that the land is to have about twenty-five arpents front, and to contain one thousand superficial arpents. The attention of the purchaser could not, therefore, have been fixed upon the boundaries, and he must have relied upon the numeration of quantity; that quantity alone the defendants could claim from their vendor. It is in evidence, that at the institution of this suit, they were in possession of eleven hundred and twenty-two arpents 95-100 under that title.

The tracts which they purchased from *Gibson*, and on which the conflict occurs, was sold as containing seven and a half arpents front by forty deep, adjoining the land above mentioned; and as the only boundary assigned had never been determined, this sale was not *per aversionem*, and only transferred to the defendants three hundred superficial arpents of land. It is admitted that at the institution of this suit, the defendants had taken possession, under it, of three hundred and ten superficial arpents.

The tract of twelve and a half arpents front, sold by *Gibson* to the defendants, being above the fixed boundary of the Walker tract, cannot be reached by the present action, and the excess in the contents of it, over the quantity sold, if any, may be left out of view. The defendants have, under their purchase of the two other tracts, an excess of one hundred and thirty-two arpents 95-100 over what was sold to them, and to that extent they have no claim in warranty; deducting this from one hundred and fifty-four 96-100, the admitted extent of the conflict between the plaintiffs and defendants, there remains twenty-two arpents and 100th, which, at the rate of $7 50 per arpent, there must be judgment against the appellant in favor of *Gibson*, and in his favor against *Mrs. Tanner* and the heirs of *Lemuel Tanner*. *Tobias Gibson* not having appealed, the judgment rendered against him, in favor of the defendants, remains undisturbed.

It is ordered, that the judgment in this case be reversed. It is further ordered, that *Tobias Gibson* recover from *Nathaniel C. Wade* the sum of $165 07½ and costs in the district court. It is further ordered, that *Nathaniel*

<div style="margin-left:2em">BOYCE<br>*v.*<br>CAGE.</div>

*C. Wade* have a judgment for the like sum against *Mrs. Ellis Tanner*, personally, or her assumption to pay the debts of *Lemuel Tanner* ; and also for their virile share against *Joseph W. Tanner*, *Esther Tanner*, *Mary Tanner*, *Elizabeth Tanner*, *B. T. Tanner*, *Robert R. Tanner*, all of age ; and *Washington Tanner*, *Bridget Tanner* and *Louisa Tanner*, represented by *Celeste Tanner*, their mother and tutrix. It is further ordered, that one-half of the costs of appeal be paid by *Tobias Gibson*, and the other half by *Lemuel Tanner*.

---

## SAME CASE—ON A RE-HEARING.

When two pieces of ground have been sold by one and the same contract, with the expression of the measure of each, and there be found a less quantity in one and a larger quantity in the other, the deficiency of the one is supplied by the overplus of the other, as far as it goes.   C. C. 2475.

By the court :

ROST, J. In the original argument in this case, we were not referred to article 2475 of the Code, and we overlooked, on the decision, the singular disposition it contains.

On general principles, it is clear that the excess in the tract, above the fixed boundary, where the survey begins, could not have been brought in to supply a deficiency below ; but the article quoted provides, in general terms, that when two pieces of ground have been sold by one and the same contract, as was the case here, with the expression of the measure for each, and there be found a less quantity in one, and a larger one in the other, the deficiency of the one is supplied by the overplus of the other, as far as it goes. Taking the two tracts together, the land remaining, after allowing the plaintiff his quantity, is more than the defendant purchased. The judgment must, therefore, be for the appellant, *Wade*, and the heirs of *Tanner*.

It is therefore ordered, adjudged and decreed, that the judgment heretofore rendered in this case, be set aside. It is further ordered, that the judgment of the district court, so far as it is against *Nathaniel C. Wade*, and in favor of *Tobias Gibson*, in warranty, be reversed, and that there be judgment in his favor against the said *Gibson*, with costs in both courts. It is further ordered, that the judgment discharging the widow and heirs of *Tanner* from the warranty, be affirmed.